UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
REUBEN CHIZOR,

                Petitioner,                                **REPORT AND RECOMMENDATION**
                                                                                 21 CV 4411 (LDH)(LB)

   -against-

SUPERINTENDENT LYNN J. LILLEY,

                Respondent.
-------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

        Petitioner moves to amend his petition for a writ of habeas corpus under 28 U.S.C. § 2254 to add a claim for ineffective assistance of trial counsel. ECF No. 14. Petitioner also requests that his petition be held in abeyance for him to exhaust his ineffective assistance of counsel ground in accordance with <u>Rhines v. Weber</u>, 544 U.S. 269 (2005). Judge DeArcy Hall referred petitioner's motion to me for a Report and Recommendation pursuant to 28 U.S.C. § 636(b). For the following reasons, it is respectfully recommended that petitioner's motion should be denied without prejudice.

## BACKGROUND

        Petitioner, an inmate at the Eastern Correctional Facility, filed the instant petition seeking a writ of habeas corpus on August 1, 2021. ECF No. 1. The petition raises two grounds for relief: first, that petitioner's right to present a defense was violated when the trial court denied his request for an adjournment to call an expert witness; and second, that petitioner's right to a fair trial was violated by the prosecutor's "pronounced and persistent" misconduct during witness

questioning and summation. Id. Petitioner presented these grounds for relief on direct appeal to the Appellate Division, Second Department.[1]

On September 1, 2021, Judge DeArcy Hall ordered respondent to show cause why a writ of habeas corpus should not be issued. ECF No. 4. Respondent filed an affidavit in opposition to the petition on December 27, 2021. ECF No. 8. On October 7, 2022, petitioner moved to amend his petition to add a claim of ineffective assistance of trial counsel. ECF No. 14. Although styled as a motion for leave to amend, petitioner additionally requests in the last line of his memorandum of law that his petition "be held in abeyance in accordance with Rhines." ECF No. 14 at 5.

I.  *Amendment*

Petitioner failed to attach a proposed amended petition to his motion.[2] The Court cannot grant leave to amend the petition without first reviewing the proposed amended petition. As such, the Court respectfully recommends that the motion should be denied without prejudice. Should petitioner file a new motion to amend the complaint, petitioner shall attach the proposed amended complaint to his motion.

Any motion to amend the petition must also address whether the new claim "relates back" to the claims in the original petition. See Fed. R. of Civ. P. 15(c). Rule 15 generally allows for amendment with leave of the court at any time during a proceeding. However, amendment is limited in habeas corpus proceedings by the one-year statute of limitations for filing a habeas corpus petition under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). 28

---

[1] The Appellate Division found "no merit" to petitioner's claims. People v. Chizor, 190 A.D.3d 763, 763-764 (App. Div. 2d Dep't 2021).
[2] Petitioner attaches a memorandum of law in support of his motion to amend, as well as his state court motion and affidavit to vacate his judgment of conviction pursuant to N.Y. Crim. Proc. Law § 440.10. Petitioner also attaches 49 pages of additional documents, including a trial transcript excerpt; affidavits from a private investigator; affidavits from members of petitioner's former church; a New York Times news article; screenshots of social media communications; and petitioner's affidavit of service of the instant motion.

U.S.C. § 2244(d). In the habeas context, "if an amendment is made after the statute of limitations expired, any new claim is untimely unless it relates back to the claims of the original, timely petition, *i.e.,* the claims arise out of the same conduct, transaction or occurrence." Simmons v. Sheahan, No. 14-CV-3998, 2015 WL 5146149, at *3 (S.D.N.Y. Aug. 31, 2015) (citing Mayle v. Felix, 545 U.S. 644, 650 (2005)).[3] A proposed amendment "does not relate back if it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Id., (citing Pierre v. Ercole, 607 F.Supp.2d 605, 608 (S.D.N.Y. 2009)). In other words, a new claim will only relate back if the "original and amended petitions state claims that are tied to a common core of operative facts." Mayle, 545 U.S. at 664.

Petitioner's original petition was timely filed, but the statute of limitations has since expired.[4] As such, any motion to amend the petition must address whether the proposed new claim relates back to the claims in the original petition.

## II.    *Stay and abeyance*

The Court cannot stay this proceeding pursuant to Rhines because petitioner has not yet amended his petition to include an unexhausted claim. "Before the Court can address whether a stay is proper, it must be presented with a 'mixed' petition—in other words, a petition that contains both exhausted and unexhausted claims." Brooks v. Sticht, No. 20-CV-1108 (W.D.N.Y January 27, 2021), ECF No. 9 at 4, citing Rhines v. Weber, 544 U.S. at 277. "A stay and abeyance is not available if the petition before the Court when petitioner requests a stay is not a mixed petition." Id., citing Clancy v. Phillips, No. 04-CV-4343, 2005 WL 1560485, at *6

---

[3] The Clerk of Court is respectfully directed to send plaintiff the attached copies of the unreported cases cited herein.
[4] Petitioner was convicted after a jury trial on July 11, 2017. ECF No. 1 at 1. The Appellate Division, Second Department upheld petitioner's conviction on January 13, 2021. Id. at 2. The New York State Court of Appeals denied petitioner leave to appeal on May 16, 2021. Id. at 3. Pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's conviction became final 90 days later, on August 14, 2021. Petitioner's habeas petition was therefore timely filed on August 2, 2021. ECF No. 1.

(S.D.N.Y July 1, 2005). Where the operative petition is not mixed, courts in this circuit "have generally required the petitioner first to seek leave to amend the petition to add the new claim before applying the Rhine [sic] test." Madrid v. Ercole, No. 08-CV-4397, 2012 WL 6061004, at *1 (E.D.N.Y. Dec. 6, 2012) (collecting cases); see also Clancy, 2005 WL 1560485 at *6 ("[N]o mixed petition is present in this case at this time. If Petitioner files an amended petition with unexhausted claims, the Court will consider a request to stay the case.").

Petitioner filed a motion to amend his petition. However, as no proposed amended complaint accompanied the motion, the Court recommends that petitioner's motion should be denied without prejudice. See supra, Section I. The petition currently before the Court is the original petition at ECF No. 1. This petition is not mixed: it contains only the grounds for relief that petitioner exhausted in his direct appeal. See People v. Chizor, 190 A.D.3d 763 (App. Div. 2d Dep't 2021). Therefore, it is respectfully recommended that the Court should deny petitioner's request to stay this proceeding without prejudice.

Should petitioner file a new motion to amend his petition attaching his proposed amended petition, petitioner must address how his request satisfies the Rhines criteria for a stay. In Rhines, the Supreme Court held that a stay is only appropriate where there is "good cause for the petitioner's failure to exhaust his claims first in state court" and the unexhausted claims are not "plainly meritless." Rhines, 544 U.S. at 277. It is petitioner's burden to demonstrate that he satisfies these criteria for a stay. Perkins v. LaValley, No. 11-CV-3855, 2012 WL 1948773, at *1 (S.D.N.Y. May 30, 2012). Although petitioner may have been unable to raise his Section 440.10 claims on direct appeal, N.Y. Crim. Proc. Law § 440.10(2)(b), any request for a stay must address why petitioner failed to exhaust his Section 440.10 claim in state court before filing the

4

instant petition. Petitioner likewise must address why any proposed amendment is potentially meritorious and why it "relates back" to the original petition.

## CONCLUSION

It is respectfully recommended that the Court should deny petitioner's motion to amend and his request to stay this proceeding without prejudice.

## FILING OBJECTIONS TO THE REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report and Recommendation to file written objections. See also Fed. R. Civ. P. 6. Any request for an extension of time in which to file objections must be made within the fourteen-day period. Failure to timely file an objection to the Report and Recommendation generally waives any further judicial review. DeLeon v. Strack, 234 F.3d 84, 86 (2d Cir. 2000); Spence v. Superintendent, Great Meadow Corr. Fac., 219 F.3d 162, 174 (2d Cir. 2000); see also Thomas v. Arn, 474 U.S. 140, 155 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated:  April 27, 2023
       Brooklyn, New York